JUDGE BRODERICK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 17 CV 6805

ALLAN PLAUT

                   Plaintiffs,

     - against-

ARYEH RALBAG, UNION OF ORTHODOX:
RABBIS OF THE UNITED STATES AND:
CANADA, BRENDA'S BARGAIN STORE, INC.,:
SURIE PLAUT, CHANIE MANELA, LABISH:
KAMENETSKY, DEVORIE GLUCK, ALISA:
MENDLOWITZ, BARRY SHMUEL:
MENDLOWITZ, MANELA & PRESSMAN, LLP,:
and JEFFREY MANELA, CPA, individually, LILIA:
STOVOGA, EDDIE GENDELMAN, 4518:
ASSOCIATE, LEAH ISRAEL SEIDLER, RACHEL:
MIZRACHI, JONATHAN E. KROLL, JOHN DOE:
1-10, JANE DOES 1-10 and , XYZ:
CORPORATIONS #1 through # 10,
                  Defendants.

Civil Action No. CV

JURY TRIAL DEMANDED

COMPLAINT



      Plaintiff Allan Plaut, appearing pro se, as and for his complaint against the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      This action arises out of a fraudulent scheme perpetrated, by the defendants include, without limitation, the following: pursuant to the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, et seq, **(RICO)**; violating of 18 U.S. Code § 1951 -2 Hobbs Act Extortion, By Force, Violence, Or Fear; Money Laundering; IRS Fraud; Bank Fraud; Mail Fraud Under 18 U.S.C. § 1341; Wire Fraud Under 18 U.S.C. § 1343

2.      The primary player in this fraudulent enterprise is (i) the **CRIME BOSS** namely Defendant RABBI RALBAG ("RALBAG"), (ii), with his co-conspirators, include, without limitation, the Defendant UNION OF

1

ORTHODOX RABBIS OF THE UNITED STATES AND CANADA ("UOR"), (iii) Defendant "Brenda's Bargain Store, Inc." ("Brenda's")

3.   Rabbi Aryeh Ralbag's Direct Ties And Participation With Underworld **Kidnappers For Hire,** was long-recognized, including, but not limited to **US COURT OF APPEALS for the Third Circuit** *See  United States v. Stimler* (3rd Cir., 2017) Case: 15-4095 (Document: 003112668252 at page 33) OPINION ROTH, Circuit Judge, **which reads in pertinent part as follows:** "The statements at issue were testified to by Aryeh Ralbag, another rabbi involved in the kidnapping ring. " *Id.* Further in (Fn 89 at page 33) **reads in pertinent part as follows:** "The other two witnesses, and Ralbag himself, were arrested and charged as part of the kidnapping ring. Ralbag was granted immunity in exchange for his testimony, and the other two witnesses pled guilty to lesser offenses." *Id* k

4.   Defendant Union of Orthodox Rabbis of the United States and Canada ("UOR"). As detailed further herein, the UNION OF ORTHODOX RABBIS OF THE UNITED STATES AND CANADA ("UOR") conducts its' business, through its' current operators, include, without limitation DEFENDANT Rabbi Aryeh Ralbag with his co-conspirators, Rabbi Chaim Kraus, Rabbi Elimelech Lebowitz, Rabbi Gavriel Stern, Rabbi Simcha Kalish and other parties and other defendants herein, styled in the manner of a mafia run racketeering business, including, but not limited to

2

substantive kidnapping, attempted kidnapping and conspiracy to commit kidnapping in exchange for money;

5.

## SEALED/RESTRICTED DOCUMENTS

6.  Plaintiff after filing and serving this Complaint will file his motion to seek permission from this Honorable Court to file the most crucial and critical Documents under **SEALED/RESTRICTED**

7.

## JURISDICTION AND VENUE

8.  This is an action brought pursuant to the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The Defendants are subject to personal jurisdiction in this State pursuant to 18 U.S.C. § 1965(d), and are also subject to personal jurisdiction in that they either reside in this State, engage in the transaction of business in this State and/or involved in substantial activities within the State and/or committed a tortious act within this State. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 insofar as this is an action arising under the laws of the United States.

9.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (d) in that a substantial part of the events or omissions giving rise to the claims made in this action occurred in this

3

District. In addition, pursuant to 18 U.S.C. § 1965(a), venue is proper in this district as one of the Defendants resides in this district, one of the Defendants acts as an agent for the other Defendants in this district, and all of the Defendants transact their affairs in this District.

## PARTIES

10.    Defendant ARYEH RALBAG is a resident of Kings County 1240 E 29TH ST, BROOKLYN, NY 11210  and a Av Beis Din (head) of Union of Orthodox Rabbis of the United States and Canada  The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

11.    Defendant Union of Orthodox Rabbis of the United States and Canada ("UOR") . The offices of "UOR" are located at 233 East Broadway, New York, New York 10002. The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

12.    Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), located at 4518 18th Avenue, Brooklyn, NY The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

13. Defendant "4518 associate" is the property ownership name for surie's siblings and "Brenda's place of business located at 4518 18th Avenue, Brooklyn, NY. The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

14. Defendant Surie Plaut is and was a resident of the State of New York, residing at 1274 East 29th Street, Brooklyn, NY 11210. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

15. Defendant CHANIE MANELA is the sister of SURIE PLAUT and the bookkeeper of "BRENDA'S BARGAIN STORE, INC." is a person who, upon information and belief, is and was a resident of the State of New York, residing at 1476 East 21st Street Brooklyn, NY, 11210. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

16. Defendant LABISH KAMENETSKY is a person who, upon information and belief, is and was a resident of the State of New York, residing at 1115 East 27th Street Brooklyn, NY, 11210. The Defendant is an

individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

17. Defendant ALISA MENDLOWITZ is the sister of SURIE PLAUT and partner in "Brenda's Bargain Store, Inc." is a person who, upon information and belief, is and was a resident of the State of New York, residing at 1667 East 28th Street Brooklyn, NY, 11229. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

18. Defendant BARRY MENDLOWITZ whose wife, Alisa, is one of four siblings at the helm of Brenda's is the operator of Brenda's store in Lakewood New Jersey, The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

19. Defendant Devorie gluck  6151 n drake Ave Chicago  IL, is the sister of SURIE PLAUT The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

20. Defendant MANELA & PRESSMAN, LLP is a professional corporation formed and existing under the laws of the State of New York. It maintains an office located at 362 5th Avenue, Suite 503, New York, NY

10001.Their Certified Public Accountancy Partnership is listed under "CPA PARTNERSHIPS," partnership identification number 054526, and is current through 10/31/2019. The partners listed under identification number 054526 are: MANELA, MAGDA  -  registration number 061967 PRESSMAN, AARON Y. Registration number 080820. The Defendant is an entity capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

21.     Defendant JEFFREY MANELA, is a person and a citizen of the State of New York, and a registered certified public accountant licensed in the State of New York. Mr. Manela's license number is 120394, issued on 02/09/2016, and registered through the last day of January 2019.  Jeffrey Manela has regularly conducted business on behalf of Manela & Pressman, LLP  and in his individual capacity at 362 5th Avenue, Suite 503, New York, NY 10001, and elsewhere in New York.  The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

## SUPPLIERS OF GARMENTS TO DEFENDANT "BRENDA'S BARGAIN STORE, INC.

22.    Defendant Eddie Gendelman, Lily Custom Tailoring, Doing Business As (DBA) "liliy's Custom Tailoring", doing business in the State of New York with its principal place of business located at  8161 New Utrecht Avenue Brooklyn, NY 11214  is one of  the significant supplier  of

garments to Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), for about fifteen years he used call and come every week to the Plaut's house Demanding payment for Outstanding accounts and unpaid bills to be in cash and got cash and cash cacks, The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

23. Defendant Lilia stogova, Doing Business As (DBA) "liliy's Custom Tailoring", doing business in the State of New York with its principal place of business located at 8161 New Utrecht Avenue Brooklyn, NY 11214 is one of the suppliers of garments to Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), The Defendant is an individual capable of holding a legal or beneficial interest in property and is, therefore, a "person" within the meaning of 18 U.S.C. § 1961(3).

24. Defendant Leah Israel Seidler is a person who, upon information and belief, is and was a resident of the State of New York, residing at 6617 Avenue T Brooklyn, NY 11234 is a significant supplier of garments to Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), for about fifteen years she used to come every week to the Plaut's house Demanding payment for Outstanding accounts and unpaid bills to be in cash and got cash and cash checks.

25. Defendant Rachel Mizrachi, is a significant supplier of garments to Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), is a person who,

upon information and belief, is and was a resident of the State of New York, residing at 2248 East 1st Street Brooklyn NY 11223 is a significant supplier of garments to Defendant "Brenda's Bargain Store, Inc." ("Brenda's"), for about fifteen years she used to come every week to the Plaut's house Demanding payment for Outstanding accounts and unpaid bills to be in cash and got cash, and cash checks. The Defendant is an individual capable of holding a legal or beneficial interest in property and is therefore a "person" within the meaning of 18 U.S.C. § 1961(3).

26.    The Defendants JOHN DOE #1 through #10 are fictitious names representing persons of both gender, whose real names and identities are currently unknown to Plaintiff, and who have conducted and participated in, and conspired, confederated and agreed with the Defendants to conduct and participate in the affairs of the Enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962 (c) and (d), as more fully described below and to injure Plaintiff in his business and property by reason thereof. The Defendants are individuals capable of holding a legal or beneficial interest in property and are, therefore "persons" within the meaning of 18 U.S.C. § 1961(3).

27.    Defendant XYZ Corporations #1 through # 10 are corporations, partnerships and other business entities or organizations whose real names and identities are currently unknown to Plaintiff, and who have conducted and participated in, and conspired, confederated and agreed with the

Defendants to conduct and participate in the affairs of the Enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962 (c) and (d), as more fully described below and to injure Plaintiff in his business and property by reason thereof. The Defendants are entities capable of holding a legal or beneficial interest in property and are therefore "persons" within the meaning of 18 U.S.C. § 1961(3).

28.     substantive kidnapping, attempted kidnapping and conspiracy to commit kidnapping in exchange for money;

## FACTS CONCERNING DEFENDANTS' SCHEME

29.     On or about April 2015 Rabbi Ralbag while acting on behalf of himself and while acting in concert with other defendants herein, and with the intent to deprived Allan Plaut of his litigation of its legitimacy, causing, and having directly caused, damage and loss to Allan Plaut's property and business, Rabbi Ralbag, reached out and proposed to Allan Plaut to initiate the conversation about his family situation, that were leading toward a divorce,

30.     Rabbi Ralbag in said conversation told him that he become privy by SURIE M. PLAUT and her family members, to some critical, information about PLAUT's joint business namely "BRENDA'S BARGAIN STORE, INC.", that in fact SURIE M. PLAUT together with her family members including the suppliers to said company, were and are engaged in a fraudulent scheme including, without limitation to hide and misappropriate revenue and income, Money Laundering; IRS Fraud;

10

Customs Fraud; And Bank Fraud,

31.     **therefore,** Rabbi Ralbag while acting on behalf of himself and while acting in concert with other defendants herein, and with the intent to deprive the litigation of its legitimacy, causing, and having directly caused, damage and loss to Allan Plaut's property and business, requested and urged Allan Plaut that he must promise not to commence any litigation proceeding in any secular court regarding "BRENDA'S BARGAIN STORE, INC., and that, only Rabbi Ralbag and his organization must conduct said litigation in Rabbi Ralbag' Beis Din, so that said fraudulent scheme must remain concealed.

32.     Rabbi Aryeh Ralbag know Allan Plaut for an extended period of time, he was aware that he is under several different types of medications that affect his psyche and that he suffers from anxiety and cannot cope with being confined.

33.     In spite of knowing all this, On May 11, 2016, when Allan Plaut came to Rabbi Ralbag's house on that day it was late afternoon, and he was already very distressed. After discussing his family situation with him for several hours, Rabbi Aryeh Ralbag told him that he was going to solve his problems and told him not to leave; despite knowing that he suffers from anxiety and cannot cope with being confined, Allan Plaut obeyed his command against his wishes.

34. Then In front of Rabbi Ralbag, Allan Plaut took medication to calm himself down. Rabbi Ralbag gave him a drink to wash it down and would not allow him to leave.

35. Allan Plaut asked Rabbi Ralbag to call for an ambulance, and he refused and just kept coercing that he authorize Rabbi Ralbag' Beis Din to Mediate, as Rabbi Ralbag clearly expressed to him verbally that the agreement to authorize Rabbi Ralbag' Beis Din would be to Mediate only,

36. Rabbi Ralbag also promised to Allan Plaut that he would obtain 2.6 million dollars for him from his wife, Surie.

37. Allan Plaut is certain that the only hand writing on the document he signed was Rabbi Aryeh Ralbag name, Suri's name and his name, The rest of the text of the agreement (specifically, the scope of the dispute) was added later

38. Rabbi Aryeh Ralbag did not give him a copy of the said document or offer to have his attorney review same, even though Rabbi Aryeh Ralbag knew he was having him sign away significant rights and he was going to profit significantly financially from said agreement.

**May 11, 2016**

THE EVENTS OF MAY 11, 2016 AS REPORTED BY MARK S.
SILVER, MA, MSW, LCSW, PSYD, JD
THE FORENSIC PSYCHOSOCIAL REPORT

39.     Report Completed on June 18, 2017 (at p.13)

**The Report provides in pertinent part**

("Although Allan suffers from chronic mental health issues the morning of May 11, 2016, he felt particularly anxious because he was verbally and emotionally abused ("berated"). As such, Allan approached Rabbi Ralbag when feeling particularly vulnerable and fragile – physically and psychologically.

40.     Allan reports that Rabbi Ralbag had known for many years about Allan's unhappiness within his marriage and the dysfunction in his family, which caused Allan psychological trauma.

41.     On May 11, 2016, Allan called Rabbi Ralbag and asked for help. The Rabbi told Allan to come to his home to discuss how his rabbinical assistance could move forward the permanent separation and divorce between Allan and wife.

42.     It was evident that Allan was medically unwell and Allan repeatedly asked for emergency medical services from the Rabbi because he was concerned about his heart, elevated blood pressure, dizziness, "foggy" thinking, disorientation, inability to focus, and high level of anxiety. Because Allan had taken various medications before coming to the Rabbi's house, he was also concerned that the drugs were interacting in an adverse manner to his detriment psychologically and physically. Allan also suffered an acute panic attack, and the symptoms will be noted below. Allan stated: "I was

like a person in a desert without water." Allan also took another Klonopin when he arrived at the Rabbi's home due to anticipatory anxiety. Although obviously unwell, Allan was instructed by Rabbi Ralbag through undue influence not to leave, and the Rabbi knew that Allan was under the influence of his medication, psychiatric issues, and medical concerns.

43.   Allan readily admits that he did not read the paper because of his health care crisis, but more importantly, he does not have sufficient skills to properly understand the content of the legal document in any event. Also, Allan was not told to bring or call his lawyer about this matter, nor was he informed of his rights. Allan estimates that he signed the paper approximately 11 PM and he then called Surie. Surie was not interested in speaking with Allan, however when Rabbi Ralbag phoned she responded and came over to the home about midnight. Allan says that Surie was in the home for a short time and she most likely signed the document just after midnight.

44.   Allan was led to believe that he was signing a mediation agreement, and he only later discovered that it was an agreement to arbitrate. Allan asserts that Rabbi Ralbag clearly explained to him that he would be mediating in the divorce procedure. If Allan had known the truth of the matter, he would have provided the document to his lawyer to read before he signed it.

45.   After Signing

14

46.     After the signing, Allan wished to retain a copy of the document; however, Rabbi Ralbag informed Allan that he had to keep it in his possession because if it were robbed or lost Allan would be responsible. The legal document was altered after the fact so that terms were added and other information as well without Allan's knowledge or consent. Allan stressed that he asked for emergency ambulance service also after the document signed, and again Rabbi Ralbag refused to allow for Allan to gain medical assistance, as Rabbi Ralbag insisted that Allan wait, lie down, and drink a Coke instead.") Id.

## WHO IS  RABBI RALBAG AND WHAT IS HIS REPUTATION

47.     Rabbi Aryeh Ralbag's  Direct Ties And Participation With Underworld Kidnappers  For  Hire was long-recognized including,  but not limited to, the **US Court of Appeals for the Third Circuit** … _**See**_ … _United States v. Stimler_ (3rd  Cir.,  2017) Case:  15-4095  Document:  003112668252 OPINION ROTH, Circuit Judge _**which reads in pertinent part as follows:**_ (at page 33) "The statements at issue were testified to by Aryeh Ralbag, another rabbi involved in the kidnapping ring. " _Id._ Further, in (Fn 89 at page 33) _**reads in pertinent part as follows:**_ "The other two witnesses, and Ralbag himself, were arrested and charged as part of the kidnapping ring. Ralbag was granted